UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DANIEL CATT,

                Plaintiff,                Case No. 1:17-cv-513

v.                                                  Honorable Robert J. Jonker

M. BROWN et al.,

                Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Oaks Correctional Facility(ECF) in Manistee, Michigan. The incident about which he complains occurred at that facility on February 4, 2017. On that date, at about 5:00 p.m., Plaintiff took his food slot hostage.[1] In response Defendant Corrections Officer Ward"assaulted" Plaintiff by pepper spraying Plaintiff in the face. Plaintiff then alleges: "After I was sprayed I called to [Defendant] Officer Forward, [Defendant] Officer Tayor, [Defendant] Sgt., Officer Brown and all the officers did help me get medi[c]al care after the assault happen[ed]." (Compl., ECF No. 1, PageID.3.) Plaintiff continues: "I was left in my cell from 5:00 pm-7:00am."

Plaintiff contends that Defendant Forward "should have known" about the incident because he was the control booth officer. (*Id*.) Plaintiff similarly states that Defendant Tayor "should have known" about the incident because Plaintiff covered his cell door window with paper apparently indicating to Defendant Tayor that Plaintiff wanted to talk Tayor about getting maced. (*Id*.) Plaintiff also contends that Defendant ECF Warden Thomas Mackie should have known about the assault because he should have been told. (*Id*.) Defendant Brown actually knew about the assault because he witnessed it. (*Id*.)

Plaintiff's complaint is admirably brief; however, in this instance, its brevity renders it somewhat cryptic. It seems likely that Plaintiff meant to allege that the Defendants did *not* get him medical care, but that is not what he alleged.

---

[1]An inmate takes his food slot "hostage" by preventing it from being closed, typically by placing his hand or arm in the slot. *See, e.g., Earby v. Ray*, 47 F. App'x 744, 745 (6th Cir. 2002). It is against prison rules and a common form of prisoner misbehavior. *Annabel v. Armstrong*, No. 1:09-cv-796, 2011 WL 3878379, *4 n.5 (W.D. Mich. Mar. 30, 2011) (report and recommendation adopted 2011 WL 3878385 (W.D. Mich. Aug. 31, 2011)).

**Discussion**

I.        Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). In this instance, although Plaintiff does not expressly identify which of his constitutional rights was infringed, the Court will consider Plaintiff's allegations as an attempt to state an Eighth Amendment claim for excessive use of force by Defendant Brown and an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs against all of the Defendants.

    II.  <u>Excessive use of force</u>

    The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

    Plaintiff's claim involving the use of pepper spray must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

- 4 -

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178-79 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Wilkins*, 130 S. Ct. at 1178. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 6-7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953-54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995).

In this instance, Plaintiff's allegations fall short at the outset because, although he alleges the use of force, he does not allege that it was excessive. "[T]he use of mace to control a prison inmate is not malicious or sadistic" *per se*. *Combs v. Wilkinson*, 315 F.3d 548, 557 (6th Cir. 2002); *Jones v. Peiffer*, 110 F. App'x 643, 646 (6th Cir. 2004); *Miller v. Palmer*, No. 99-2352, 2000 WL 1478357 (6th Cir., Sep. 27, 2000). Indeed, several courts, including this one, have suggested that the use of chemical agents is preferable to physical confrontation. *See, e.g., Caldwell v. Moore*,

968 F.2d 595, 602; *Soto v. Dickey*, 744 F.2d 1260, 1262 (7th Cir. 1984); *Alspaugh v. Dahl*, No. 2:07-cv-136, 2008 WL 4425813, *1 (W.D. Mich. Sep. 26, 2008).

Moreover, Plaintiff alleges a penological justification for the use of force: Plaintiff was holding his food slot hostage. Certainly, if Plaintiff had alleged that pepper spray was used to restore order without warning, or used beyond the extent necessary to restore order, it might invite further inquiry into whether the pepper spray was used maliciously and sadistically rather than as a good-faith attempt to restore discipline. But, he has not alleged that the use of force was disproportionate or inappropriate in any way. In that respect, Plaintiff is in a different position than the inmate in *Nelson v. Sharp*, No. 96-2149, 1999 WL 520751 (6th Cir. Jul. 14, 1999).

In *Nelson*, a prison guard argued that a prisoner's Eighth Amendment claim based on the guard's use of force in response to the prisoner holding his food slot hostage was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 520 U.S. 641 (1997) because the prisoner was found guilty of a misconduct. *Nelson*, 1999 WL 520751 at *1-2. The Sixth Circuit noted that "the question of the degree of force used by the prison guard is analytically distinct from the question of whether Sharp violated prisoner rules by keeping his hand in the food slot . . . ." *Id.* at *2. Put differently, the fact that an inmate holds his food slot hostage does not necessarily justify any possible use of force; as examples, the Sixth Circuit described "hacking off the offending hand with an ax, or spraying the cell with sub-machine gun fire through the food slot." *Id.*

Of course, the fact that the use of force can be excessive does not mean that every use of force is excessive. Inmate Sharp contended that Nelson's use of force was intended to inflict

unnecessary pain, that it was wanton and unjustified. *Id.*[2] Plaintiff here, however, alleges only that force was used. Thus, Plaintiff's allegations permit the inference of nothing "more than the mere possibility of misconduct[,]" *Iqbal*, 556 U.S. at 679, that is not enough. Plaintiff claim against Defendant Brown for the use of pepper spray is properly dismissed.

### III.    Deliberate indifference to a serious medical need

The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 898 (6th Cir. 2004), the plaintiff must

---

[2]Similarly in *Harris v. Curtin*, 656 F. Supp. 2d 732(W.D. Mich. 2009) allegations that prison guards sprayed the inmate "'severely' with a chemical agent without justification and used excessive force against him with disregard to the health risks posed to [plaintiff], who suffers from asthma and previously had undergone surgery for a brain aneurysm" were sufficient. *Id.* at 736.

"place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations fail with respect to both components. Plaintiff alleges nothing more than the fact that he was sprayed with pepper spray. He does not allege any particular susceptibility to the spray nor does he allege any particular resulting injury. Thus, he has alleged "no more than the normal after effects of being exposed to gas and/or chemical agents." *Censke v. Ekdahl*, No. 2:08-cv-283, 2009 WL 1393320, *6 (W.D. Mich. May 18, 2009); *Peoples v. Bauman*, No. 2:14-cv-106, 2016 WL 2935761, *5 (W.D. Mich. May 20, 2016). Exposure to chemical agents, standing alone, does not constitute a substantial risk of serious harm.

Plaintiff's allegations also fall short with respect to the subjective component. To the extent Plaintiff was, as he alleges, provided with medical assistance, there is simply no room to suggest that the Defendants were deliberately indifferent. But, even if Plaintiff was not provided with medical assistance, with respect to all Defendants, Plaintiff has failed to allege that they drew the inference that a substantial risk of serious harm existed. Certainly Defendant Ward, who sprayed

the chemical, and Brown, who witnessed the spraying, at least knew that Plaintiff suffered the normal after-effects of being exposed to pepper spray. But Plaintiff's allegations fail to demonstrate even that minimal level of knowledge with respect to Defendants Forward, Tayor, and Mackie. As to those Defendants, Plaintiff alleges only that they should have known. That is not a sufficiently culpable state of mind to sustain a deliberate indifference claim. *Farmer*, 511 U.S. at 837-838; *Ruiz-Bueno v. Scott*, 639 F. App'x 354, 361-362 (6th Cir. 2016); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 312 (6th Cir.2005).

Plaintiff has failed to allege either the subjective or objective components of a deliberate indifference to serious medical need claim. Accordingly, his Eighth Amendment claims for failing to treat him after the pepper spray incident are properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:     July 14, 2017              /s/ Robert J. Jonker
                                                                               ROBERT J. JONKER
                                                                               CHIEF UNITED STATES DISTRICT JUDGE